DELOS L. FILER ET AL. V. WILLIAM S. JENKS ET AL.

*Agent's liability to principal—Finality of jury's conclusions of fact.*

An agent who had sold certain goods on time and received them back as unsatisfactory could not be charged by his principal with a share of their value after the latter had caused him to send them back to him and had kept them.

The conclusion of a jury upon a question of fact fairly submitted to it, is final.

Error to St. Clair. Submitted Jan. 31. Decided April 9.

ASSUMPSIT on special and common counts. Plaintiffs bring error.

*Chadwick & Voorheis* for plaintiff in error. An agent who violates his obligations to the injury of his principal must make indemnity (*Dodge v. Tileston,* 12 Pick., 328; *Grant v. Ludlow,* 8 Ohio St., 1; Story on Agency, § 217 c) whether the loss be to the principal directly or result from his obligation to respond for the acts of his agents, *Woodward v. Sugham,* 11 Ohio, 363; *Jeffrey v. Bigelow,* 13 Wend., 518; a principal has a right of action against an agent who enters into a contract personally or pledges his own credit, *Cabot Bank v. Morton,* 4 Gray, 156; *Canal Bank v. Bank of Albany,* 1 Hill, 287; *Royce v. Allen,* 28 Vt., 234; *Merrill v. Wilson,* 6 Ind., 426.

*O'Brien J. Atkinson* and *E. G. Stevenson* for defendants in error. A principal who is prejudiced by an agent's violation of his duty has an action on the case against him, but if the agent has returned his property to him by his directions he cannot sue for its value, *Lindley v. Downing,* 2 Ind., 418; *Dufresne v. Hutchinson,* 3 Taunt., 117; *Cairnes v. Bleecker,* 12 Johns, 300; *Sarjeant v. Blunt,* 16 Johns., 74; *Merle v. Hascall,* 10 Mo., 406; he cannot claim that the agent has substituted himself in the place of one who had bought the property from him on time

38 MICH.—74.

but had returned it as unsatisfactory, Story Agency, 239, 445; *Hammond v. Hannin*, 21 Mich., 374.

MARSTON, J. Although a large number of errors are assigned upon the record in this case, yet we are satisfied that plaintiffs in error have no just cause of complaint.

The plaintiffs declared specially charging the defendants as agents, and also generally upon the common counts.

The real controversy between the parties grows out of a certain machine manufactured and shipped by plaintiffs to defendants and by them sold to one Stevens. It was not claimed upon the argument, nor could it well have been, that any relation, other than that of principal and agent, ever existed between these parties. The defendants acting as agents sold this machine to Stevens, with a warranty, upon which they were personally bound, receiving from Stevens a time note for the machine. This machine was tested by Stevens and not proving satisfactory, efforts were made by defendants to repair it and put it in good working order, but failing to do this they received it back. It was injured somewhat at this time and defendants proceeded to repair it in accordance with instructions received from plaintiffs. The knowledge which plaintiffs had as to the repairs required and to what extent they authorized repairs was in dispute, but that in no way affects this question. After the repairs had been made the plaintiffs, on account of a dispute or misunderstanding, peremptorily ordered defendants to ship this machine, and other unsold property to them at once, which was done. The plaintiffs received the machine in its repaired condition, accepted and retained it, crediting defendants with one-half its original cost price, and in this suit they sought to charge them with the balance. It would seem too clear to require argument that they could not order, take back and retain this machine and yet charge their

agents with one-half its cost price. The remainder of the controversy related to the expenses charged by defendants in endeavoring to make this machine work while in Stevens' possession, and to the repairs made thereon afterwards. This branch of the case was fairly submitted to the jury and their conclusion must be accepted as final.

The judgment must be affirmed with costs.

The other Justices concurred.